**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE PIERCE,<br><br>*Plaintiff,*<br><br>-against-<br><br>GABRIEL KILONGO and JUPITER<br>CONTEMPORARY INC.,<br><br>*Defendants.* | No.<br><br>**COMPLAINT** |

Plaintiff Stephanie Pierce ("Plaintiff" or "Artist"), for her Complaint against

Defendants Gabriel Kilongo ("Kilongo") and Jupiter Contemporary Inc. ("Jupiter")

(together, "Defendants"), alleges and avers as follows:

## NATURE OF ACTION

1.      This is an action for violation of the New York Arts and Cultural Affairs

Law ("NY ACAL") § 12.01, breach of fiduciary duty, breach of contract, fraud, unjust

enrichment, and conversion arising out of the Defendants' unlawful taking and

retention of the sale proceeds of two artworks (the "Sold Works") created by the Artist

and by the refusal to return unsold Works to the Artist and failure to return other works

that are inaccessible to the Artist because Defendants have failed to pay the storage fees

of the warehouses holding the "Unsold Works."

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an individual who resides in Brooklyn, New York.

3.      Upon information and belief, Jupiter is a Florida corporation with a principal place of business in 1217 71st Street, Miami Beach, Florida 33141.

4.      Upon information and belief, a satellite gallery that Jupiter or an affiliate had in New York is, due to an eviction and non-payment, no longer operating or present in New York.

5.      Upon information and belief, Defendant Kilongo is Jupiter's sole principal and shareholder, and is a Florida resident, whose actual place of business is located at Jupiter's offices, 1217 71st Street, Miami Beach, FL 33141.

6.      This Court has personal jurisdiction over both Defendants pursuant to N.Y. C.P.L.R. 302(a) because the Defendants transact business in New York, including the conduct addressed in this action, and because the claims in this action arise from that activity.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity between the Plaintiff on one hand and the Defendants on the other, and because the amount in controversy exceeds $75,000.

8.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

2

## STATEMENT OF FACTS

9.    In or about 2022, the Artist entered into one or more consignment agreements with Defendants with the agreement that Defendants would receive a commission of 50% on any sales.

10.    In or about 2023-October-06 to 2023-November-18, the Artist's Works were in a solo exhibition ("the "Exhibition") at Defendant Jupiter's gallery in Miami Beach.

11.    At the Exhibition, Defendants sold two Works by the Artist to a sophisticated art collector (the "Collector").

12.    Attached hereto as **Exhibit A** is a sales report Defendants sent to the Artist via email on 2024-January-03, showing that the Artist is entitled to $14,985.00 of the sales proceeds.

13.    Artist followed up with the Defendants to check on the status of her payment of the sales proceeds.

14.    On 2024-April-03, Defendants told Artist via email that he "just followed up with the client about this … I am expecting to receive the payment this month" and that Defendants are "working on getting the payment out to you as soon as we receive it."

15.    Artist has since learned that this was a lie and that Defendants did in fact receive payment in 2023.

16.     Attached hereto as **Exhibit B** is a redacted invoice dated 2023-October-10 showing the sale of the two Sold Works by Defendants to the Collector.

17.     The Collector has proof of payment in the form of a wire confirmation to Defendants dated 2023-November-02.

18.     Defendants' own financial records, including bank statements, reflect the payment by the Collector for the Sold Works in November 2023.

19.     More than two years later, the Artist has still not received the proceeds from the sale of her two Sold Works.

20.     Furthermore, Defendants have failed to return a number of Unsold Works from the Defendants back to the Artist.

21.     Defendants agreed that Unsold Works would be returned to the Artist at Defendants' sole expense.

22.     Despite following up with Defendants numerous times, the Artist does not know the status of her Unsold Works and whether more have been sold, damaged, and/or their exact locations.

23.     The Artist was able to determine whether her Unsold Works are and were being held in several different locations.

24.     In speaking with several fine art warehouses while trying to find her Unsold Works, the Artist has learned that Defendants have not paid the warehouses which, understandably, wish to be paid before releasing the Unsold Works to the Artist.

4

25.     Artist did recover some of her Unsold Works by paying for the shippers and warehouses herself.

26.     Together, the value of the Unsold Works plus the payments to shippers which Artist paid after Defendants' refusal to do so (in violation of their obligations) exceeds $75,000, exclusive of interest, attorneys' fees, and punitive damages.

### FIRST CLAIM FOR RELIEF
### (Violation of NY ACAL § 12.01)

27.     Plaintiff repeats and realleges the allegations in Paragraphs 1-26 as if set forth in full here.

28.     The failure of the Defendants to release the sale proceeds to the Artist is in violation of NY ACAL § 12.01, which is set forth in pertinent part below:

> "2. If a consignee fails to treat the trust property or trust funds identified in paragraph (a) of subdivision one of this section in accordance with the requirements of fiduciaries in section 11-1.6 of the estates, powers and trusts law, such failure shall constitute a violation of this article and of section 11-1.6 of the estates, powers and trusts law and shall be subject to the penalties provided therein . . .

> "3. Any person who has been injured by reason of a violation of this article may bring an action in his or her own name to enjoin such unlawful act, to recover his or her actual damages, or both. The court may award reasonable attorneys' fees, costs and expenses to a prevailing plaintiff in any such action."

29.     Plaintiff has been damaged as a direct result of Defendants' violations in an amount to be determined at trial.

30.     Pursuant to NY ACAL § 12.01, Plaintiff is also entitled to an award of her reasonable attorneys' fees, costs and expenses.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

31.     Plaintiff repeats and realleges the allegations in Paragraphs 1-30 as if set forth in full here.

32.     Artist and Defendants are parties to a consignment agreement concerning the Works.

33.     Defendants have breached the contract by, among other things, selling such Works without remitting the agreed-to proceeds to Artist and failing to return Unsold Works at Defendants' expense.

34.     Plaintiff has been damaged as a direct result of Defendants' breach in an amount to be determined at trial.

35.     Because the Unsold Works are unique, Plaintiff is also entitled to an order directing Defendants to specifically perform the contract and return the Unsold Works to Plaintiff.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

36.     Plaintiff repeats and realleges the allegations in Paragraphs 1-35 as if set forth in full here.

37.     As Artist's consignees and agents, Defendants owed Artist a fiduciary duty to act in the Artist's best interests.

38. As Artist's consignees and agents, Defendants held the Sold Works, the Unsold Works, and the sale proceeds of the Sold Works in trust for the benefit of the Artist.

39. Defendants have breached their fiduciary duty to Artist by, among other things, selling Works without remitting the agreed-to proceeds to Artist, failing to hold the Unsold Works and sale proceeds from the Sold Works separate from Defendants' individual property.

40. Defendants have also breached their duties to Artist by, among other things, refusing to comply with Artist's demands that the Unsold Works be delivered to Artist's possession, custody, and control, and by failing to pay monies owed to shippers and/or storage facilities concerning the Unsold Works.

41. Defendants' violations of their fiduciary duties render them faithless servants under the law and ineligible to receive or keep any compensation, including commissions, that they might otherwise have earned.

42. Plaintiff has been damaged as a direct result of Defendants' conduct in an amount to be determined at trial.

43. Plaintiff is entitled to punitive or exemplary damages in an amount to be determined at trial as a result of Defendants' breach of their fiduciary duty to Plaintiff.

## FOURTH CLAIM FOR RELIEF
### (Conversion)

44.     Plaintiff repeats and realleges the allegations in Paragraphs 1-43 as if set forth in full here.

45.     Artist is, as applicable, the rightful owner of the Unsold Works and the unpaid sale proceeds from the Sold Works.

46.     Artist is, as applicable, entitled to immediate possession of the Unsold Works and payment of the wrongfully withheld sale proceeds.

47.     Defendants are wrongfully in possession and control of the Unsold Works and the sale proceeds.

48.     Artist has a superior right of possession to the Unsold Works relative to Defendants.

49.     Defendants have wrongfully refused Artist's demand to return the Unsold Works to her and to pay her the sale proceeds.

50.     Artist is entitled to damages equal to the lost value of the Works in an amount to be determined at trial.

51.     In addition, Plaintiff is entitled to exemplary and/or punitive damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays for relief against Defendants as follows:

A.  compensatory damages in an amount to be determined at trial, but not less than $100,000;

B.  An order directing Defendants to deliver the Unsold Works to Plaintiff at Defendants' sole expense with risk of loss and damage borne and insured by Defendants;

C.  Attorneys' fees, costs, and expenses pursuant to NY ACAL § 12.01;

D.  Exemplary and/or punitive damages in an amount to be determined at trial; and

E.  Such other and further relief as this Court deems just and proper.

Dated: 2026-March-09

**ARTxLAW PLLC**

By: s/ *Ronald W. Adelman*
John R. Cahill
Ronald W. Adelman
8 North Front Street
Kingston, NY 12401
212-719-4400

*Attorneys for Plaintiff*
*Stephanie Pierce*

**JURY DEMAND**

Plaintiff demands a jury trial of all issues triable before a jury.